UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SKYLAR MARIE THEROUX, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action 26-cv-10026-IT |
| JAG IG LONGWOOD JV LLC, et al., | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

October 30, 2026

TALWANI, D.J.

Plaintiff Skylar Marie Theroux ("Plaintiff"), who is proceeding *pro se*, has filed an Amended Complaint [Doc. No. 11] against JAG IG Longwood JV LLC, JAG IG Longwood Property LLC, Jefferson Apartment Group, LLC, JAG Management Company, LLC, Shawn Pike, Cole Knoedler, and "John/Jane Does 1-5," alleging that they violated her rights under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, and state law. Plaintiff has also filed a Memorandum of Law [Doc. No. 12] and an Affidavit [Doc. No. 13] in support of her amended complaint. For the reasons set forth below, the court will dismiss this action for lack of subject matter jurisdiction.

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of her amended complaint and dismiss any claim that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the court has a duty to *sua sponte* consider its jurisdiction. See United States v. Univ. of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016) ("Federal courts are courts of limited jurisdiction. They cannot act in the absence

of subject matter jurisdiction, and they have a *sua sponte* duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects."). In conducting this review, the court construes Plaintiff's pleading liberally because she is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## I. Factual Background as Alleged in the Amended Complaint

Plaintiff alleges that she "an openly transgender woman, openly gay individual, and a person with disabilities, including a significant right-hand impairment, PTSD, anxiety, and depression." Amend. Compl. ¶ 6 [Doc. No. 11]. According to Plaintiff, in July 2025, she "began the process of leasing" an apartment located at 75 Saint Alphonsus Street in Boston. Id. ¶ 13. Plaintiff represents that, over a 30-day period, she made multiple visits to the leasing office, the defendants conducted a tenant screening a background review, and she worked with a community organization for assistance in the process. Id. ¶¶ 15-25. Plaintiff alleges that she paid a $4,252 security deposit, the parties executed the lease agreement, and she took possession of the apartment on August 15, 2025. Id. ¶¶ 30-32.

According to Plaintiff, shortly after she moved into the apartment, she 'began reporting conditions affecting habitability, ventilation, sanitation, maintenance, moisture, and safety." Id. ¶¶ 44. Plaintiff claims that "Defendants received notice of these conditions," and that she "repeatedly requested repairs, and corrective action." Id. ¶¶ 45-46. Plaintiff further claims that she "contacted municipal authorities after receiving what Plaintiff believed to be an inadequate response," which resulted in "municipal inspectors inspect[ing] the property" on October 8, 2025. Id. ¶¶ 47, 48. Plaintiff states that she "provided [Defendants] written notice explaining that rent was being withheld because of alleged habitability concerns," after which "Defendants

served a fourteen-day notice to quit alleging nonpayment of rent," even though Defendants "knew Plaintiff was withholding rent based upon asserted housing conditions." Id. ¶¶ 52-54.

Plaintiff alleges that "Defendants later abandoned or withdrew the nonpayment basis" for the notice to quit, but "thereafter served a seven-day notice alleging a lease violation relating to Plaintiff's registry status" even though "Defendants possessed information concerning Plaintiff's background before approving tenancy." Id. ¶¶ 55-57. Defendants "commenced summary process proceedings in Massachusetts Housing Court," and "[p]roceedings arising from that matter were later appealed." Id. ¶¶ 59-60.

The amended complaint asserts six counts, two of which are under the FHA. In Count I, titled "Fair Housing Act Retaliation" under 42 U.S.C. § 3617, Plaintiff alleges that "Plaintiff engaged in activities relating to the assertion of housing rights, complaints concerning housing conditions, and communications with governmental authorities," that the Defendants were "aware of those activities," and that "Defendants thereafter undertook adverse housing actions." Id. ¶¶ 46-48. In Count II, titled "Fair Housing At Disability Discrimination" under 42 U.S.C. § 3604(f), Plaintiff alleges that "she is an individual with disabilities," that "defendants knew or should have known of those disabilities," and that "Defendants interfered with Plaintiff's use and enjoyment of housing." Id. ¶¶ 51-53. Counts III-VI are claims under state law. Id. ¶¶ 55-67.

## II. Discussion

The Federal Rules of Civil Procedure require, *inter alia* that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief'" Fed. R. Civ. P. 8(a)(2). To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**A. Claims Under the FHA**

Broadly speaking, the FHA prohibits housing discrimination "because of" a person's race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. § 3604.

Here, Plaintiff's amended complaint does not contain sufficient factual material which, treated as true, shows that Defendants unlawfully discriminated against her "because of" her disability. She does not allege Defendants treated her differently than other tenants because of her handicap of that they failed to provide a reasonable accommodation for her handicap "necessary to afford [her] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

The FHA also prohibits retaliation against a person "on account of his having exercised or enjoyed . . . any right granted" under the statute. 42 U.S.C. § 3617. But Plaintiff alleges that Defendants retaliated against her for reporting housing code violations or withholding rent, not for exercising her rights against non-discrimination under the FHA.

**B. Subject Matter Jurisdiction**

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). Congress has granted federal district courts jurisdiction over two main kinds of cases: those "arising under the Constitution, law, or treaties of the United States, 28 U.S.C. § 1331 ("§ 1331") (referred to as federal question jurisdiction) and those between "citizens" of "diverse" (or different) states and more than $75,000 is at stake, 28 U.S.C. § 1332 ("§ 1332").

"[T]he party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction: 'it is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading.'" Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting PCS 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir.1998)); see also Fed. R. Civ. Proc. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction"). "If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff invokes § 1331 as a basis for this Court's jurisdiction. [Doc. No. 11 ¶ 2]. However, as set forth above, Plaintiff has not stated a claim arising under federal law upon which relief may be granted. Further, there is no indication that diversity of citizenship between Plaintiff and all Defendants exists, where at least one of the defendants lives in Massachusetts. Id. ¶ 11.

In the absence of a claim over which the court may exercise original subject matter jurisdiction under § 1331 or § 1332, the court must dismiss this action.

## III. Conclusion

In accordance with the foregoing, the Court hereby DISMISSES this action for lack of subject matter jurisdiction. The dismissal is without prejudice as to Plaintiff's claims under state law.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: October 13, 2026